## POTTER v. THE DISTRICT TOWNSHIP OF FREDERICKSBURG.

1. **Schools:** AUTHORITY OF SUB-DIRECTOR: TEACHER. While a sub-director is authorized to make contracts for the employment of teachers, his authority is subject to the rules and restrictions, not inconsistent with the law, which may be prescribed by the board of directors.

2. ———: BOARD OF DIRECTORS. When, in a sub-district containing but five pupils, the board directed that no school should be taught during the winter in their district, and provided for the attendance of their pupils elsewhere, it was *held* that they had assumed no functions not authorized by law.

*Appeal from Chickasaw Circuit Court.*

FRIDAY, APRIL 23.

THIS suit is brought upon a written contract to recover the wages of the plaintiff, for teaching a three months winter school, in sub-district No. 7, of the district township of Fredericksburg, in Chickasaw county, Iowa.

The defendant answered admitting the making of the contract, and the rendition of the services thereunder, and alleged, in substance, that there were only five pupils in the sub-district to attend school that winter; that the board of directors had ordered that no winter school be taught in said sub-district, and made provision at the same time for the attendance of the pupils of the sub-district, at the school in sub-district No. 1, of said district township, which was convenient for said pupils; that the sub-director who made the contract with plaintiff, was also president of the board of school directors, and was the father of the plaintiff; that said contract was made and entered into by both parties, with full knowledge that the board had directed that no school should be taught in said sub-district, No. 7, and that provision had been made for the pupils to attend school in the adjoining sub-district; that said contract was made fraudulently, and in violation of the orders of the board of directors; and that said contract was not brought to the knowledge of the board for approval, until the school kept thereunder had closed.

On the trial the court refused to allow the defendant to introduce any evidence to prove the facts alleged in its answer; there was judgment for plaintiff. Defendant appeals.

*Noble, Hatch & Frese*, for appellant.

No appearance for appellee.

MILLER, CH. J.—The question presented in this record is, whether the facts alleged in the defendant's answer, if established by evidence, constitute a defense to the plaintiff's action.

Section 1753 of the Code, provides that, "the sub-director, under such rules and restrictions as the board of directors shall prescribe, shall negotiate and make in his sub-district, all necessary contracts for providing fuel for schools, employing teachers, etc., *   *  . All contracts made in conformity with the provisions of this section shall be approved by the president, and reported to the board of directors, and said board in their corporate capacity,

1. SCHOOLS: authority of sub-directors: teacher.

shall be responsible for the same on the part of the district." This section is substantially the same as section 48, of the consolidated school law of 1862, under which this court held, in *Thompson v. Linn*, 35, Iowa, 361, that while a sub-director is authorized to make contracts for the employment of teachers in his sub-district, he must do so under, and subject to, such rules and restrictions as the board of directors may prescribe, and that if the sub-director in violation of a restriction prescribed by the board enters into a contract with a teacher, such contract will be regarded as unauthorized. The school law as amended and found in the Code, (Sec. 1737,) now makes it the duty of the board of directors, to " make such rules and regulations as may be necessary for the direction, and restriction of sub-directors in the discharge of their official duties, and not inconsistent with law." The sub-director has the power to make contracts binding on the district, only according to the rules and restrictions prescribed by the board. When he contracts in violation of such rules or restrictions his contracts do not bind the district. The facts stated in the answer, if proved, would show that the contract sued on was made fraudulently, and in direct disregard of a restriction established by the board of directors, and that the plaintiff had knowledge thereof.

The inquiry may arise as to the power of the board of directors to make the restriction in the present case. As we have 2. ——:board seen, by sections 1737 and 1753 of the Code, the of directors. power to make rules and regulations for the direction and restriction of the sub-directors in the discharge of their official duties, is unlimited except where " inconsistent with law." We find nothing in the law inconsistent with the restriction in this case. There being but five pupils in the sub-district to attend a winter school, the board directed that no *winter school* should be taught *in* the sub-district, and provided for the pupils of the same attending school during the winter in another district, which was convenient to the pupils. This regulation is not inconsistent with section 1727 of the Code, which directs that " in each sub-district there shall be taught one or more schools for the instruction of youth, * * *

for at least twenty-four weeks, of five school days each, in each year, unless the county superintendant shall be satisfied that there is good and sufficient cause for failure so to do," for there is nothing in the record showing that this, or any other regulation made by the board, had the effect to deny to this sub-district the twenty-four weeks school therein, as the law provides, even if it should be conceded that the provision made by the board for the pupils of said sub-district to attend school during the winter, in the adjoining sub-district, could not be counted as a part of the twenty-four weeks school in the year. There was ample time exclusive of this, to teach a school in the sub-district for the full time required by the law.

The court erred in excluding the evidence offered in support of the defense pleaded, and the judgment must be

REVERSED.